UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON L. LYLES, | ) | Case No.: 3:07 CV 1315 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| ROB JEFFREYS, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Pending before the court is Petitioner Devon L. Lyles's ("Petitioner" or "Lyles") Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Lyles asserts one ground for relief in his Petition:

> The sentence imposed in this case, of a non-minimum, consecutive sentence for a person who had served no prior prison sentence, was unconstitutional for violation of his rights of presentment to a grand jury, trial by jury, and proof beyond a reasonable doubt of essential facts without which such sentence could not be imposed.

(Pet. at ¶ 12.) In support of this ground for relief, Petitioner states as follows:

> Mr. Lyles was convicted in 2004 of two (2) counts of felony two drug trafficking, one (1) count of felony three drug trafficking, and one (1) count of felony five permitting drug abuse in a single indictment. He had served no prior prison sentence. Ohio law provided to him a statutory presumption of minimum, consecutive sentences (for a net of two years) unless the Trial Court made statutory findings necessary for enhancement to non-minimum and statutory findings necessary for consecutive sentencing. The trial court made those findings without allowing to Mr. Lyles a hearing before a jury on those denied facts. Mr. Lyles had never been indicted for those facts, nor was he provided notice of an intent to prove those facts. The trial court did not find those facts beyond a reasonable doubt. Later, at resentencing on remand, the trial court imposed the same sentence without any findings, because the Ohio Supreme Court rewrote the law, after the commission of

>    the offenses, to remove any need for the trial court to make any findings, thereby
>    changing the potential penalty for the actions undertaken by Mr. Lyles in 2003.

(*Id.*)

The case was referred to Magistrate Judge Nancy A. Vecchiarelli ("Magistrate Judge") to prepare a Report and Recommendation ("R&R"). The Magistrate Judge issued her R&R on April 18, 2008. (ECF No. 11.) The Magistrate Judge first concluded that Petitioner had exhausted his state remedies. (R&R at 7-8.) The Magistrate Judge then found that Lyles has procedurally defaulted that portion of his ground for relief that contends the sentence imposed after remand violated his rights to a grand jury, trial by jury, and proof beyond a reasonable doubt of the facts necessary for a conviction. (*Id.*) The Magistrate Judge concluded that the only portion of Petitioner's ground for relief that has not been defaulted is his claim that his re-sentencing violated his Due Process right by punishing him pursuant to an *ex post facto* law. (*Id.* at 9.)

The Magistrate Judge concluded that Petitioner's argument that the trial court's re-sentencing violated Petitioner's Due Process right not to be re-sentenced pursuant to an *ex post facto* law is not well-taken for three reasons. First, the Magistrate Judge concluded that Petitioner's citation to *Bouie v. City of Columbia,* 378 U.S. 347, 353 (1963), for the proposition that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an *ex post facto* law," is unavailing because the statute in *Bouie* was very different from the alleged enlargement in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006). (R&R at 12-13.)

Second, the Magistrate Judge concluded that Petitioner's position that the trial court's re-sentencing violated Petitioner's Due Process right not to be re-sentenced pursuant to an *ex post facto* law is foreclosed in part by *Dobbert v. Florida,* 432 U.S. 282 (1977). (*Id.*) Specifically, the Magistrate Judge stated that, "although Ohio's sentencing statutes at the time of Lyles's criminal

2

acts were unconstitutional, they nevertheless gave him fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts." (*Id.* at 13.)

Finally, the Magistrate Judge concluded that Petitioner's argument that the trial court's re-sentencing violated Petitioner's Due Process right not to be re-sentenced pursuant to an *ex post facto* law is contradicted by *U.S. v. Booker,* 543 U.S. 220 (2005), and its progeny. (*Id.* at 14-19.) The Magistrate Judge noted that:

> When the Ohio Supreme Court determined that Ohio's sentencing statutes violated the holding in *Blakely*, it explicitly turned to *Booker* to cure the statutes' unconstitutionality. *Foster*, 109 Ohio St. 3d at 26-27, 845 N.E.2d at 495-96. Thus, the Ohio Supreme Court excised those portions of the statutes requiring judicial factfinding using certain factors before making upward departures from a base sentence. *Id.*, 109 Ohio St. 3d at 28-30, 845, N.E.2d at 497-98. It also instructed courts to use the factors enumerated in the statutes as guidelines in making sentencing determinations. *Id.*, 109 Ohio St. 3d at 30, 845 N.E.2d at 498. Sentencing courts were thus free to sentence defendants anywhere within the sentencing ranges set by the Ohio legislature for various crimes, using the previously mandatory factors as guidelines to determine where in the range a defendant should be sentenced. The resulting statutes, according to the Ohio Supreme Court, best approximated the will of the legislature in passing the sentencing statutes while doing away with the statutes' unconstitutionality. *Id.*

Additionally, the Magistrate Judge concluded that Petitioner's argument that the revised Ohio sentencing statutes more closely resemble the Determinate Sentencing Law ("DSL") in California, struck down by the Supreme Court in *Cunningham v. California,* __ U.S. ___, 127 S. Ct. 856 (2007), than the sentencing regime result from *Booker* is unavailing. Accordingly, for the three reasons stated above, the Magistrate Judge recommended that Petitioner's "single ground for relief should be overruled and his petition should be dismissed with prejudice." (R&R at 19.)

Petitioner filed his Objections to the R&R on April 23, 2008. (ECF No. 13.) In his Objections, Petitioner does not address the Magistrate Judge's conclusion that he procedurally

3

defaulted that portion of his ground for relief that contends the sentence imposed after remand violated his rights to a grand jury, trial by jury, and proof beyond a reasonable doubt of the facts necessary for a conviction. However, Petitioner argues that the Magistrate Judge improperly rejected Petitioner's contention that he is entitled to habeas relief because the trial court's re-sentencing violated Petitioner's Due Process right not to be re-sentenced pursuant to an *ex post facto* law. First, Petitioner maintains that the Magistrate Judge "errantly contrasts *Bouie* and *Foster*." (Objections at 3.) Second, Petitioner argues that the Magistrate Judge "errantly concluded that *Dobbert* precludes relief." (*Id.* at 6.) Finally, Petitioner asserts that the Magistrate Judge "errantly applied *Booker*." (*Id.* at 7.)

The court finds, after careful review of the Magistrate Judge's R&R, Petitioner's Objections, and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's R&R. (ECF No. 11.)

For the reasons stated above, the court hereby denies Lyles's Petition (ECF No. 1), and final judgment is hereby entered in favor of Respondent. The court further certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 24, 2008